MUNICIPAL COURT OF PROVIDENCE *vs.* CHARLES W. WILBOUR *et al.*

PROVIDENCE—JUNE 11, 1901.

PRESENT: Stiness, C. J., Rogers and Douglas, JJ.

(1) *Probate Law and Practice.    Suits on Bonds.    Contested Claims.*

Where an executor has failed to file the statement allowing or disallowing claims within the thirty days, as required by Gen. Laws cap. 215, § 3, an action of debt upon his bond cannot be brought by a creditor until he has first brought suit upon the claim and reduced it to a judgment and demanded payment of the executor.

Nothing less than the positive act of the executor, evidenced by his written statement filed in the Probate Court, can be relied on as an allowance of a claim and excuse a creditor from bringing suit.

DEBT on bond of an executor for breaches set forth in the

opinion.   Heard on demurrer to declaration, and demurrer sustained.

PER CURIAM.   This is an action of debt upon the bond of an executor, brought by and for the benefit of an alleged creditor of the testator.   The breaches of the bond assigned are :

1st.  That the executor, although duly cited by the Probate Court to do so, has not rendered an account to the court ; and,

2nd.  That he has not paid the claim of the plaintiff, although it was duly presented, and he did not file in the Probate Court any statement denying its validity within the time prescribed by law.

The defendants severally demur to the declaration on the ground that the plaintiff shows no right to bring the suit, because the neglect of the executor to file the statement required by law is not equivalent to an allowance of a claim duly presented.

(1)    We think the demurrer must be sustained.   The right to sue upon a bond given to the Probate Court is limited by section 22, chapter 220 of the General Laws, as follows : "If such suit be brought by a creditor of the deceased person, he shall, in order to maintain his action, first have his debt or damages ascertained by judgment, unless the same have been allowed by the executor or administrator or by commissioners on the estate, or on appeal, as hereinbefore provided as to proof of claims," etc.

Section 3, chapter 215, which was in force when this suit was brought, provided that within thirty days after the expiration of the period fixed for presentation of claims the executor or administrator should file a statement in the Probate Court allowing or denying the validity of claims so presented.

In this case the executor filed no such statement, and, not having filed the statement, he could not ask for the appointment of commissioners to pass upon contested claims.

The consequence is that in order to qualify himself to sue upon the bond a creditor must pursue the other method of

having his claim ascertained which the statute points out, viz., bring suit upon it and reduce it to a judgment, and then demand payment of the executor.

The allowance by the executor contemplated by the statute is a positive act, evidenced by a written statement filed in the Probate Court. Nothing less than this can be relied upon as an allowance and excuse the creditor from bringing suit.

Demurrer sustained.

*Irving Champlin*, for plaintiff.

*Edward D. Bassett and William B. Greenough*, for defendants.